UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
ANTONIO RIDDICK,                    :
                                    :
                        Plaintiff,  :    11 Civ. 2986 (KBF)
                                    :
            -v-                     :    MEMORANDUM OPINION
                                    :    & ORDER
JOHN H. THOMAS,                     :
                                    :
                        Defendant.  :
                                    :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 15 2012

KATHERINE B. FORREST, District Judge:

In April 2011, plaintiff Antonio Riddick ("plaintiff"), appearing *pro se*, filed this action against a Postal Police Officer with the United States Postal Inspection Service Security Force. This Court has liberally construed plaintiff's claim as one brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging the use of excessive force in violation of his Fourth Amendment constitutional rights. Plaintiff amended his complaint on June 17, 2011, naming the officer individually as John H. Thomas ("Thomas" or "defendant"). Defendant has now moved for summary judgment.

For the reasons set forth below, defendant's motion is GRANTED.

BACKGROUND

In support of the motion for summary judgment, defendant submitted a Statement of Undisputed Material Facts pursuant to Local Rule 56.1. (See Def.'s Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 ("Def.'s 56.1 Stmt.").) Plaintiff has not submitted any factual materials in response. Plaintiff's failure to submit such materials was not a result of being uninformed of the opportunity to do so.

At a conference that this Court held on December 9, 2011, (the "December 9th conference") counsel for defendant stated an intention to move for summary judgment. (Initial Pretrial Conference Tr. at 3:16-23, December 9, 2011 ("Dec. 9, 2011 Tr.").) This Court then described to plaintiff what such a motion was and steps that plaintiff would need to take in order to put forth a material issue of fact. (Id. at 16-17.) The Court informed plaintiff that if he had witnesses who could corroborate his version of events, he should submit to the Court statements from them. (Id.) The Court also told plaintiff that if the defendant submitted affidavits in support of his motion and plaintiff wanted to speak with those individuals whose affidavits were submitted by defendant, the Court would help facilitate that. (Id.)

Pursuant to Local Rule 56.1, plaintiff also received a Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment. (Dkt No. 24.) The Notice explained to plaintiff that he "must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising material issues of fact," or else "the court may accept defendant's factual assertions as true."

Rather than submit affidavits or documentary evidence contradicting defendant's Rule 56.1 Statement, plaintiff's submission on this motion states only "I did nothing wrong" and "Proper Peace on Earth through Peripheral Pluto Please" and "Think about eating Chinese, Japanese Asian food with chopsticks." (Aff. in Opp. to Mot. for Summ. J. at 1-2.)

The law is clear that "[a] nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible." See T.Y. v. New York City Dep't of Educ., 584 F.3d 412, 418 (2d Cir. 2009). *Pro se* litigants are not excused from this rule. See S.E.C. v. Tecumseh Holdings Corp., 765 F. Supp. 2d 340, 344 n.4 (S.D.N.Y. 2011) ("Pro se litigants are . . . not excused from meeting the requirements of Local Rule 56.1 . . . .") (citing Wali v. One Source Co., 678 F. Supp. 2d 170, 178

3

(S.D.N.Y. 2009)). Accordingly, while this Court construes facts in favor of the nonmovant on a motion for summary judgment — and construes submissions made by a *pro se* nonmovant particularly liberally — here, there are no material issues of fact.

Plaintiff's claim arises from an incident that occurred in the James A. Farley Post Office Building ("the post office") located at 34th Street and 8th Avenue in New York City on April 10, 2011. (See Def.'s 56.1 Stmt. ¶ 2; Thomas Decl. ¶ 2.) Plaintiff claims that he was at a window inside the post office when a clerk was trying "to instigate [him]." (See Def.'s 56.1 Stmt. ¶ 8; Dec. 9, 2011 Tr. at 9:5-6, 18-20.) A Postal Supervisor, Kevin McKeogh, believed that plaintiff had made rude remarks and was causing a disturbance. (See Def.'s 56.1 Stmt. ¶ 11; McKeogh Decl. ¶ 2.) Mr. McKeogh asked plaintiff not to speak to the clerk in "that way" and asked that he leave the window. (Def.'s 56.1 Stmt. ¶ 12; McKeogh Decl. ¶ 3.) Mr. McKeogh saw plaintiff leave the window, return to the line, while continuing to make loud comments. (McKeogh Decl. ¶ 4.) Postal Police Officer Thomas was in the post office at this time. (Def.'s 56.1 Stmt. ¶ 1; McKeogh Decl. ¶ 5; Thomas Decl. ¶ 6.) Mr. McKeogh communicated with Thomas regarding the incident and Thomas approached

4

plaintiff. (Def.'s 56.1 Stmt. ¶ 13-14; Thomas Decl. ¶ 7.) Plaintiff proceeded to make loud and inappropriate comments regarding his anatomy. (Thomas Decl. ¶ 7; Solano Decl. ¶ 6.) While plaintiff denies that he was engaged in an argument, several witnesses confirm that plaintiff became "louder and louder" when speaking with Officer Thomas. (See e.g., McKeogh Decl. ¶ 6; Solano Decl. ¶ 6.)

Officer Thomas requested that plaintiff leave the building. (Def.'s 56.1 Stmt. ¶ 16; Thomas Decl. ¶ 9.) Plaintiff refused. (Def.'s 56.1 Stmt. ¶ 16; Thomas Decl. ¶ 9; Solano Decl. ¶ 7; McKeogh Decl. ¶ 6.) Officer Thomas and Officer Solano then escorted plaintiff out of the building. (Def.'s 56.1 Stmt. ¶ 17; Thomas Decl. ¶¶ 10-11; Solano Decl. ¶¶ 8-9.) Plaintiff did not physically resist and walked out with the officers. (Def.'s 56.1 Stmt. ¶ 20; Thomas Decl. ¶ 12; Solano Decl. ¶ 9; McKeogh Decl. ¶ 7.)

Outside of the front of the post office, plaintiff dropped to the ground. (Def.'s 56.1 Stmt. ¶ 21; Thomas Decl. ¶ 13; Solano Decl. ¶ 10.) Plaintiff told this Court at the December 9th conference that he did not get up because "[i]f I get up, nothing happened. So I didn't get up. I said I need an ambulance to report the incident, what happened, because if I got up and got back down, it's not the same thing, as far as I'm concerned." (Dec. 9,

5

2011 Tr. at 8:12-15.)  Plaintiff did not state then, or at any other time apart from assertions made in his complaint, that he was injured as a direct result of being escorted out of the post office.  (See Def.'s 56.1 Stmt. ¶ 24; Thomas Decl. ¶ 15; Solano Decl. ¶ 11.)

An ambulance arrived and transported plaintiff to Bellevue Hospital.  (See Def.'s 56.1 Stmt. ¶ 26; Thomas Decl. ¶ 21; Solano Decl. ¶ 15; Beatty Decl. Ex. C at 2-3.) When plaintiff entered the ambulance, an Emergency Medical Technician asked plaintiff about a hospital bracelet that was already on his arm.  (Def.'s 56.1 Stmt. ¶ 29; Thomas Decl. ¶ 21; Solano Decl. ¶ 15; Beatty Decl. Ex. C at 2-3.) Plaintiff stated that he had been at a hospital earlier that day for pain in his arm.  (Def.'s 56.1 Stmt. ¶ 30; Thomas Decl. ¶ 21; Solano Decl. ¶ 15; Beatty Decl. Ex. C at 2-3.)  At Bellevue, according to plaintiff, he received a "psychological, crazy test."  (Def.'s 56.1 Stmt. ¶ 21; Dec. 9, 2011 Tr. 8:16-17.)

Officer Solano and Mr. McKeogh believe that Officer Thomas acted appropriately in removing plaintiff from the post office.  (Solano Decl. ¶ 18; McKeogh Decl. ¶ 8.)

DISCUSSION

1. <u>Standard of Review</u>

Summary judgment is appropriate when there is no genuine issue of material fact in dispute. Fed. R. Civ. P. 56. In reviewing a motion for summary judgment, this Court must construe the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in his favor. <u>Sledge v. Kooi</u>, 564 F.3d 105, 108 (2d Cir. 2009) (<u>citing</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-50 (1986)).

In reviewing a motion for summary judgment involving a nonmoving, *pro se* plaintiff, this Court "liberally construe[s] [the] pleadings and briefs submitted by [the] *pro se* litigant[]," "reading such submissions to raise the strongest arguments they suggest." <u>Bertin v. United States</u>, 478 F.3d 489, 491 (2d Cir. 2007) (quotation marks omitted). However, even *pro se* plaintiffs must offer some evidence that would defeat a motion for summary judgment. <u>Saldana v. Local 32B-32J Serv. Emps. Int'l Union</u>, No. 03 Civ. 1853, 2005 U.S. Dist. LEXIS 464, at *4 (S.D.N.Y. 2005) ("Even a *pro se* plaintiff [] cannot withstand a motion for summary judgment by relying merely on the allegations of a complaint.") Where, as here, plaintiff has failed to submit any facts in opposition to defendant's motion for

7

summary judgment, this Court "must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

2. Excessive Force Claim

The Court, as well as defendant, construes plaintiff's claim as an excessive force claim under the Fourth Amendment. (See Mem. of Law in Supp. of Def.'s Motion for Summ. J. at 6.) The Supreme Court has held that courts should review excessive force claims under an "objective reasonableness" standard. See Graham v. Connor, 490 U.S. 386, 388 (1989). Determining the reasonableness of the use of force by a police officer requires a balancing of the risk of harm by the officer against the threat to the public. Scott v. Harris, 550 U.S. 372, 382 (2007). In making this determination, this Court must consider the "on the scene" perspective of a "reasonable officer." Graham, 490 U.S. at 395.

Here, there is no material issue of fact as to the reasonableness of defendant's conduct. The following facts are undisputed: there was some form of an altercation in the interior of the post office; defendant observed

8

plaintiff, an "emotionally-disturbed person," "getting out of control" (Thomas Decl. ¶ 6); defendant escorted plaintiff out of the post office (after he was first asked to leave on his own) using a technique consistent with the training given to Postal Police Officers and which was intended to produce "little or no potential for injury" (and, as discussed below, did in fact produce no apparent injury) (Def.'s 56.1 Stmt. ¶¶ 1-21; Del Giudice Decl. Exs. A, B). Under these circumstances, there is no credible claim that defendant did not act as the "reasonable officer" would have.

Based on the record, there is also no dispute that plaintiff was not injured as a result of defendant's actions – plaintiff did not complain of physical injuries in the ambulance and has failed to put forward any evidence of physical injury. (See Def.'s 56.1 Stmt. ¶ 24.) In his amended complaint, plaintiff asserts that he experienced "damage to the left elbow, left knee, slight headaches to left eye portion of head." (Am. Compl. at 3.) However, he has not put forward any facts on this motion suggesting that defendant's recitation of events was incorrect. At the December 9th conference, plaintiff did not tell the Court that he received medical attention for physical injuries following the incident – but rather that he was

given a psychological evaluation. (Dec. 9, 2011 Tr. at 8:16-19.) Nothing in the record suggests that plaintiff in fact suffered any actual injuries or that any injuries he suffered were related to his being escorted from the post office. Accordingly, plaintiff has not raised a triable issue of fact with respect to the excessive force claim. See e.g., Washpon v. Parr, 561 F. Supp. 2d 394, 406-07 (S.D.N.Y. 2008) ("[O]n an excessive force claim a plaintiff must present sufficient evidence to establish that the alleged use of force is objectively sufficiently serious or harmful enough to be actionable." (quotation marks omitted)); Warheit v. City of New York, No. 02 Civ. 7345, 2006 WL 2381871, at *8 (S.D.N.Y. Aug. 15, 2006) ("[Defendant's] action caused no physical injury to [plaintiff] . . . . Any force was de minimis, and therefore does not amount to a constitutional violation.").

3. Qualified Immunity

Summary judgment is also warranted here for the additional reason that defendant is entitled to qualified immunity. "Qualified immunity shields government officials whose conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Hattar v. Carelli, No. 09 Civ. 4642, 2012 WL 246667, at *4 (S.D.N.Y. Jan. 11, 2012)

(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). A court analyzing a claim of qualified immunity follows the two-part test established by the Supreme Court in Saucier v. Katz, 533 U.S. 194, 201 (2001), whereby the court assesses (1) "whether the facts that a plaintiff has . . . shown make out a violation of a constitutional right;" and (2) "whether the right at issue was clearly established at the time of defendant's alleged misconduct." McMillan v. City of New York, No. 10 Civ. 2296, 2011 WL 6129627, at *11 (S.D.N.Y. Dec. 9, 2011) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)). The Supreme Court in Pearson, 555 U.S. at 236, held that the sequence of this two-part test is not mandatory; instead, district courts, depending on the circumstances of the case, may address either prong first. Id.

"[A]t least in some excessive force cases the various parts of the Saucier analysis ultimately converge on one question: Whether in the particular circumstances faced by the officer, a reasonable officer could believe that the force employed was lawful." Cowan v. Breen, 352 F.3d 756, 764 n.7 (2d Cir. 2003) (citing Saucier, 533 U.S. at 210 (Ginsburg, J., concurring)). This is one such case. As the Court explained above, the record demonstrates that defendant's actions were objectively reasonable and

11

therefore there was no violation of plaintiff's Fourth Amendment rights. Having found that defendant's actions were objectively reasonable under the excessive force analysis, it follows that defendant ought to have qualified immunity. See Biggs v. City of New York, No. 08 Civ. 8123, 2010 WL 4628360, at *6 (S.D.N.Y. Nov. 16, 2010) ("Because [defendant]'s actions were objectively reasonable under the Fourth Amendment excessive force standard, it follows that Defendants are also entitled to summary judgment on qualified immunity grounds."). See also Pub. Adm'r of Queens Cnty ex rel. Estate & Beneficiaries of Guzman v. City of New York, No. 06 Civ. 7099, 2009 WL 498976, at *5 (S.D.N.Y. Feb. 24, 2009) ("[T]he answer to either the qualified immunity or the Fourth Amendment question often resolves the other."). Here, "[n]o rational jury could find that the force used was so excessive that no reasonable officer would have made the same choice." Id. (alterations omitted). See also, Garcia v. Greco, No. 05 Civ. 9587, 2010 WL 446446, at *8 (S.D.N.Y. Feb. 9, 2010). Qualified immunity thus shields this defendant from this suit.

CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment is GRANTED. The Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated:  New York, New York
        March 15, 2012

_____
KATHERINE B. FORREST
United States District Judge